IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KENNETH RAY JONES                                                                                           PLAINTIFF

v.                                          Case No. 4:22-cv-4004

WARDEN TINA MAXWELL, Arkansas
Division of Community Correction, Southwest
Arkansas Community Correction Center ("SWACCC");
ASSISTANT WARDEN MINORS, SWACCC;
KRISTIAN LAMAY, ARO-SWACCC; JASON
KELLY, Health Svcs Admin. SWACCC; and
ARKANSAS DIVISION OF COMMUNITY
CORRECTION                                                                                              DEFENDANTS

## ORDER

Before the Court is Plaintiff's failure to comply with orders of the Court.

On January 13, 2022, Plaintiff Kenneth Ray Jones filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. That same day, Plaintiff's application to proceed *in form pauperis* was granted. ECF No. 3. Also on January 13, 2022, the Court ordered Plaintiff to file an Amended Complaint by February 3, 2022. ECF No. 3. That order informed Plaintiff if he failed to timely comply the case would be dismissed. Plaintiff did not respond and the order was not returned as undeliverable. On February 7, 2022, the Court entered an order directing Plaintiff to show cause by February 28, 2022, as to why he failed to comply with the Court's order directing him to file an Amended Complaint. ECF No. 6. On February 28, 2022, the show cause order was returned to the Court as undeliverable. ECF No. 8.

On March 14, 2022, the Court entered a second order directing Plaintiff to show cause by March 31, 2022, for his failure to file an Amended Complaint. The order informed Plaintiff if he

failed to timely comply the case would be dismissed. ECF No. 9. Plaintiff did not respond, and the order was not returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 11th day of April 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge